J-S22039-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :            PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| RAMIK BANKS | : |
| | : |
| Appellant | : No. 75 EDA 2025 |

Appeal from the PCRA Order Entered November 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002500-2011

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:         **FILED AUGUST 13, 2026**

Appellant, Ramik Banks, appeals from the order denying Appellant's untimely Post Conviction Relief Act[1] (PCRA) petition without a hearing. On appeal, Appellant argues that the PCRA court erred by declining to conduct a hearing to elicit testimony from two witnesses. We affirm.

The underlying facts and procedural history of this case are well known to the parties. *See* PCRA Court Opinion, 3/10/25, at 1-5. Briefly, Appellant was convicted of first-degree murder and related offenses in 2012. *Id.* at 1. On appeal, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Banks*, 2539 EDA 2012, 2013 WL 11255641 (Pa. Super. filed Aug. 14, 2013) (unpublished mem.). After Appellant filed a *pro se* PCRA petition on November 18, 2014, the PCRA court appointed counsel, who filed

_____

[1] 42 Pa.C.S. §§ 9541-9546.

an amended petition on Appellant's behalf. On January 16, 2018, the PCRA court issued an order dismissing Appellant's petition. On appeal, this Court affirmed. *See Commonwealth v. Banks*, 356 EDA 2018, 2019 WL 2647797 (Pa. Super. filed March 28, 2019) (unpublished mem.).

On March 19, 2021, Appellant filed the instant *pro se* petition, his second.[2] The PCRA court appointed counsel, who filed amended petitions on Appellant's behalf. Therein, Appellant raised both the governmental interference and newly-discovered fact exceptions to the PCRA time bar, claiming that Darian Brown and Raymond Wooden had recanted their statements implicating Appellant in the 2010 murder.

On September 26, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's second petition without a hearing. Therein, the PCRA court explained:

> You rely on two exceptions to the timeliness requirement: the newly-discovered facts exception and the governmental interference exception. Both the newly-discovered facts and governmental interference exceptions require that a defendant exercise due diligence to learn the facts upon which the claim is based. However, you proffer no evidence to show how or when you first learned about these recantations or how you were duly diligent in learning about them during the period of more than 12 years since your trial concluded. As a result, the court is required to dismiss your petition as untimely filed.
>
> In addition, both of your claims are meritless. As to Darian Brown, the trial record establishes that he substantially recanted his

---

[2] The record reflects that on January 23, 2019, Appellant filed a petition for writ of *habeas corpus*, which the PCRA court denied. On appeal, this Court affirmed. *See Commonwealth v. Banks*, 1038 EDA 2020, 2021 WL 37511 (Pa. Super. filed Jan. 5, 2021) (unpublished mem.).

police statement at your trial. Therefore, his subsequent recantation to your counsel does not create a reasonable probability of a different outcome should you be granted a new trial.

As to Raymond Wooden, since you failed to submit a witness certification for Mr. Wooden, Mr. Wooden would not be permitted to testify at an evidentiary hearing regarding your claim, and therefore, it would not be possible for you to succeed on any claim premised upon his testimony.

Rule 907 Notice, 9/26/24, at 2.

After Appellant filed a response, the PCRA court issued an order dismissing Appellant's petition. *See* PCRA Court Order, 11/22/24, at 1-2.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue for review:

Whether the court erred in dismissing the PCRA petition as untimely without a hearing wherein witness testimony was necessary to establish why these two witnesses had not previously been available to testify as to their statements in this matter.

Appellant's Brief at 6.

Appellant argues that the trial court erred in failing to conduct an evidentiary hearing to elicit testimony from witnesses Darian Brown and Raymond Woodsen, who had allegedly recanted their statements concerning Appellant's involvement in the 2010 murder. *Id.* at 9-11.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's

decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016).

Here, Appellant's judgment of sentence became final on June 3, 2014, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for writ of *certiorari* in the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Appellant's instant PCRA petition, filed on March 19, 2021, is therefore facially untimely.

As noted previously, Appellant raised both the governmental interference and newly-discovered fact exceptions in his PCRA petition. Ultimately, the PCRA court dismissed Appellant's petition after concluding that he failed to adequately plead and prove that either timeliness exception applied. *See* Rule 907 Notice, 9/26/24, at 2; *see also* Trial Court Opinion at 5-10.

Likewise, in his brief, Appellant does not plead and prove either of the timeliness exceptions he raised in his PCRA petition. Specifically, he does not provide any citations to relevant case law, nor does he engage in any meaningful discussion as to whether those timeliness exceptions apply. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Instead, Appellant focuses on his substantive claim concerning the PCRA court's failure to conduct a hearing to elicit testimony from the two witnesses he identified in his PCRA petition. *See* Appellant's Brief at 9-11.

Because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of his claims. *See Cox*, 146 A.3d at 227; *see also Brown*, 111 A.3d at 175. Therefore, we do not have jurisdiction to review the merits of Appellant's claims. *See Lawson*, 90 A.3d at 4. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/13/2026